

FILED

Jan 02 2020, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Margaret M. Christensen
Karl L. Mulvaney
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
GREGORY SMITH

Ann Marie Waldron
Waldron Law
Indianapolis, Indiana

Michael E. Simmons
Hume Smith Geddes
Green & Simmons, LLP
Indianapolis, Indiana

Robert P. Thomas
Thomas Law Office
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
NOLAN CLAYTON

William D. Beyers
Buchanan &
Bruggenschmidt, P.C.
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Progressive Southeastern
Insurance Co.,

*Appellant-Plaintiff,*

v.

Gregory Smith and
Nolan Clayton,

*Appellees-Defendants*

and

Erie Insurance Group, Brackett
Restaurant Group, LLC, d/b/a
Stacked Pickle, and Allstate
Insurance Company

*Defendants*

January 2, 2020

Court of Appeals Case No.
19A-PL-1094

Appeal from the Marion Superior
Court

The Honorable Timothy W.
Oakes, Judge

Trial Court Cause No.
49D02-1701-PL-2865

**Baker, Judge.**

[1] This is the second appeal arising out of a declaratory judgment action that was filed by Progressive Southeastern Insurance Company (Progressive). The action was based on a car accident that seriously injured Gregory Smith, who was insured by Progressive. At the time of the accident, Nolan Clayton was driving Smith's vehicle with Smith's permission and Smith was a passenger. Progressive sought declarations that Smith was not entitled to coverage under the insurance policy's uninsured motorist or bodily injury liability provisions and that it had no duty to defend or indemnify Clayton. In the first appeal, this Court determined that Smith was not entitled to uninsured motorist coverage.

This appeal stems from litigation that occurred following the first appeal. The trial court granted Smith's motion to dismiss the complaint, finding that Progressive had waived its other claims by bringing the first appeal. Progressive now appeals, arguing that it waived no claims, that we should declare that Smith is not entitled to bodily injury liability coverage, that we should declare that Progressive has no duty to defend or indemnify Clayton, and that Clayton is not entitled, at this point in time, to dismissal of the complaint based on alleged failure to prosecute. Finding that Progressive is entitled to judgment as a matter of law, we reverse and remand with instructions.

# Facts[1]

## *Underlying Litigation and First Appeal*

The underlying facts, as described by this Court in the first appeal, are as follows:

> On February 18, 2016, Smith and Clayton attended a company event in Marion County, Indiana. They left the event together and Smith gave Clayton permission to drive Smith's pick-up truck. Clayton lost control over the vehicle and ran into a tree, seriously injuring Smith. No other vehicles were involved in the accident.
>
> At the time of the incident, Progressive insured Smith under a policy which provided coverage for liability, medical payments, [underinsured motorist ("UM")] coverage, coverage for damage

---

[1] We held oral argument in Indianapolis on December 12, 2019. We thank counsel for their oral and written presentations.

> to the insured's vehicle, and roadside-assistance coverage.
> Accordingly, Progressive paid Smith's vehicular damages in the
> amount of $10,937.71 and the medical payments coverage limits
> of $5,000. Smith also brought a negligence claim against
> Clayton, who was insured by Allstate. Allstate eventually settled
> out of court with Smith.

*Progressive Se. Ins. Co. v. Smith*, 113 N.E.3d 229, 232 (Ind. Ct. App. 2018) (the "First Appeal"), *trans. denied.*

[4] On January 19, 2017, Progressive filed a complaint seeking two declaratory judgments. First, it sought a declaration that Smith was "not entitled to coverage under his policy's [UM] or bodily injury provisions" for the accident (the "Coverage Declaration"). Appellant's App. Vol. II p. 26. Second, it sought a declaration that Progressive was "not obligated to defend or indemnify [Clayton] as to any matter asserted in [Smith's] lawsuit[2] because [Smith] cannot recover under his own policy for the injuries he attributes to" Clayton's negligence (the "Duty to Defend Declaration"). *Id.*

[5] On April 27, 2017, Smith filed a motion for summary judgment, seeking a declaration that he was entitled as a matter of law to UM coverage even though his truck was covered under the policy. Smith has never argued that he is entitled to coverage under the policy's bodily injury liability provision and has conceded that he could not pursue recovery under both that provision and the

---

[2] Smith had filed a personal complaint against Clayton in which he sought damages for his extensive injuries.

UM coverage provision. *Id.* at 87-105, 158; First Appeal Smith's Br. p. 20; First Appeal Oral Arg. at 31:45; First Appeal Pet. to Trans. p. 12. Progressive filed its own motion for summary judgment, arguing that it was entitled as a matter of law to a declaration that Smith was not entitled to UM coverage under the policy.

[6] On December 14, 2017, without a hearing, the trial court signed Smith's proposed findings and summarily granted summary judgment to him and against Progressive on the UM portion of the Coverage Declaration. Neither party discussed, and the trial court's order did not cover, the Duty to Defend Declaration or the bodily injury liability portion of the Coverage Declaration.

[7] Progressive appealed, arguing that the trial court erred by granting summary judgment in Smith's favor. It did not seek permission to bring an interlocutory appeal; instead, Progressive brought the appeal as one taken from a final judgment, and this Court treated it as such. This Court ultimately found that the trial court erred because the policy "unambiguously excluded Smith's truck from UM coverage and the policy reimbursed Smith for the damage to his vehicle and his medical payments pursuant to the policy's requirements . . . ." *Progressive*, 113 N.E.3d at 237. We reversed, holding that the trial court erred by concluding that Smith was entitled to receive payment under the policy's UM coverage. *Id.* We did not explicitly remand, direct that judgment be entered in favor of Progressive, or refer to the Duty to Defend Declaration or the bodily injury portion of the Coverage Declaration.

### *Other Litigation Stemming from the Accident*

[8]     As context, we note that there are at least three other lawsuits stemming from the accident:[3]

- The Tort Action, in which Smith brought a personal injury action against Clayton. Progressive defended Clayton under a reservation of its rights[4] to, among other things, argue in another setting that it had no duty to defend or indemnify him. The jury found in favor of Smith, entering a total judgment against Clayton of $21.7 million. Clayton appealed unsuccessfully. *Clayton v. Smith*, 113 N.E.3d 693 (Ind. Ct. App. 2018), *trans. denied*.[5]

- The Malpractice Action, in which Clayton filed a claim for legal malpractice against Progressive and the lawyers it engaged to defend him in the Tort Action. The trial court granted Progressive's motion to dismiss the malpractice action as it pertained to Progressive and certified the dismissal for interlocutory appeal. This Court has since denied the motion for interlocutory appeal (under Cause Number 19A-PL-2001), and the matter has been remanded to the trial court.

- The Bad Faith Action, in which Smith, as Clayton's assignee, is pursuing claims against Progressive, including bad faith, negligent claims handling, negligent selection and retention of attorneys, respondeat superior liability, liability of a principal for the actions of an agent, breach of contract, and breach of the duty to defend. The trial court granted Progressive's motion to dismiss Smith's complaint. Smith has

---

[3] We observe that the interests of the judicial system would likely have been better served if the many different lawsuits had been joined. What has resulted from these four separate proceedings is a morass of inefficiency that has used everyone's time and resources injudiciously.

[4] The reservation of rights letter is not in the record. But it appears to be undisputed that Progressive did, indeed, reserve its rights when it assumed Clayton's defense in the Tort Action.

[5] Clayton ultimately assigned to Smith, as an asset for partial satisfaction of the tort judgment, all of Clayton's potential claims that may exist against Progressive and the law firm it retained to represent Clayton in the Tort Action.

appealed that order and the appeal is currently being briefed under Cause Number 19A-PL-1959.

Progressive filed a motion to consolidate the appeals, which is moot as to the Malpractice Action, and which we have denied as to the Bad Faith Action.

### *Litigation Following the First Appeal*

[9] After our Supreme Court denied transfer and the First Appeal was certified, Clayton appeared in the declaratory judgment action for the first time. On February 18, 2019, his attorney filed an appearance and request for an enlargement of time to respond to the complaint; the trial court granted the request. On February 22, 2019, Clayton filed a motion seeking a declaration that he was never properly served with the declaratory judgment action. Progressive opposed Clayton's request, arguing that it was entitled to judgment in its favor on the Duty to Defend Declaration, but if the trial court declined to enter that judgment, Progressive requested an opportunity for discovery and an evidentiary hearing as to whether Clayton had been served properly. On March 4, 2019, Clayton filed a Trial Rule 41(E) Motion to Dismiss for failure to prosecute.

[10] On February 19, 2019, Smith filed a motion to dismiss and close the litigation, arguing that by treating the trial court's order as a final and appealable judgment, Progressive had waived the other pending issues—namely, the Duty to Defend Declaration and, as to Clayton, the bodily injury liability portion of the Coverage Declaration. Progressive opposed the motion, arguing that the trial court's order was a declaratory judgment deemed final by operation of law

and that Progressive had not waived any issues by appealing that declaratory judgment. Progressive asked that the trial court enter final judgment in its favor on all issues in the complaint.

Following a hearing, the trial court entered an order on all pending motions on May 2, 2019. The trial court granted Smith's motion to dismiss and close the litigation and denied all other motions and requests as moot. Progressive now appeals.

## Discussion and Decision

Progressive raises the following arguments on appeal: (1) the First Appeal was a mandatory appeal of a final judgment and Progressive waived no other issues as a result of bringing that appeal; (2) Progressive is entitled to a final judgment on the Coverage Declaration, including a declaration that Smith is not entitled to coverage under the policy's bodily injury provisions; (3) Progressive is entitled to a final judgment on the Duty to Defend Declaration because Smith and Clayton's interests align and Smith has no right to recover under the policy's bodily injury provisions; and (4) the trial court properly denied Clayton's motion to dismiss because Clayton has not showed prejudice as a result of his tardy participation in the underlying proceedings, but that if we were to reverse, Progressive is entitled to an evidentiary hearing on Clayton's arguments.

## I. The Coverage and Duty to Defend Declarations

The parties spend much time debating whether Progressive waived its requests for declaratory relief (on the duty to defend and bodily injury liability coverage)

by bringing the First Appeal as a final, rather than an interlocutory, appeal. We believe that this discussion misses the point.

[14] When Smith filed his summary judgment motion, he decided to do so based on UM coverage. Smith has always conceded that he could not pursue both UM and bodily injury coverage and that, by pursuing UM coverage, he forfeited any right to seek coverage under the bodily injury liability provisions of the policy. Appellant's App. Vol. II p. 87-105, 158; First Appeal Smith's Br. p. 20; First Appeal Oral Arg. at 31:45; First Appeal Pet. to Trans. p. 12; Smith Appellee's Br. p. 10. Furthermore, the policy language itself explicitly excludes coverage for Smith's bodily injuries, appellant's app. vol. II p. 36, suggesting that the decision to pursue UM coverage instead was wise. *See United Farm Bureau Mut. Ins. Co. v. Hanley*, 172 Ind. App. 329, 336-42, 360 N.E.2d 247, 251-54 (Ind. Ct. App. 1977) (finding the so-called "household exclusion" enforceable).[6]

[15] In other words, it was *Smith* who decided to focus the case on UM coverage. Progressive followed suit, reasonably deciding that, as Smith was not claiming a right to bodily injury coverage, Progressive need not address the issue on summary judgment.

---

[6] In his petition to transfer the First Appeal, Smith admitted that the household exclusion clause barred any recovery of damages for his injuries. He invited our Supreme Court to revisit the public policy underlying the household exclusion clause and invalidate such provisions in automobile insurance contracts, but the Court declined the invitation by denying transfer.

[16] Therefore, once the smoke and mirrors are dispensed with, we are left with this: per the First Appeal, Smith is not entitled to UM coverage. And per the policy language, precedent from our Supreme Court, and his own concession, Smith is not entitled to bodily injury liability coverage. Under these circumstances, it is readily apparent that Progressive is entitled, as a matter of law, to a declaration that Smith is not entitled to bodily injury liability coverage, and the trial court erred by refusing to enter that declaration following the First Appeal.

[17] The Duty to Defend Declaration is the next domino to fall. The policy provision related to liability to others reads as follows: "Coverage under this Part I, *including our duty to defend*, will not apply to any insured person for . . . 11. bodily injury to you [meaning Smith] or a relative." Appellant's App. Vol. II p. 36 (emphasis added). In other words, for the same reasons stated above related to coverage, the duty to defend does not get triggered here.[7] Indeed, it is eminently reasonable to conclude that if Smith is not entitled to coverage for his bodily injuries, Progressive is not required to defend Clayton from tort claims related to those bodily injuries. Therefore, the trial court erred by refusing to enter a declaration that Progressive does not have (and has never had) a duty to defend Clayton.

[18] In sum, the trial court erred by granting Smith's motion to dismiss and by denying Progressive's request for declarations regarding bodily injury liability

---

[7] The fact that Progressive did not have a duty to defend Clayton is not relevant to the questions at issue in the Malpractice or Bad Faith Actions related to the quality of the defense provided.

coverage and the duty to defend. We reverse and remand with instructions to enter those declarations in Progressive's favor.

## II. Clayton's Motion to Dismiss

[19] After granting Smith's motion to dismiss Progressive's declaratory judgment action, the trial court denied the remaining motions as moot. Among those motions was Clayton's request for a declaratory judgment based on both a lack of proper service and on a failure to prosecute. Having reversed the order on Smith's motion to dismiss the complaint, the other motions—including Clayton's motion for a declaratory judgment—originally denied as moot are revived.

[20] Clayton argues that he is entitled to a declaratory judgment because he was allegedly never properly served with the complaint. Clayton has never alleged that he did not receive service or that he was unaware of the litigation. Instead, Clayton argues that he is entitled to judgment "unless Progressive can provide proof of good service." Appellant's App. Vol. IV p. 4.

[21] Given the circumstances of this case and the other lawsuits, we find Clayton's argument wholly unpersuasive. It cannot be disputed that he was aware of the declaratory judgment action, given his active participation in the other lawsuits enmeshed with this one. Moreover, he has now appeared and actively participated in the declaratory judgment action—but has never claimed a lack of personal jurisdiction due to service issues—and no judgments or orders against him were entered before he appeared and began participating.

[22] We also note that Clayton's interests are entirely aligned with Smith's because the two men are entitled to precisely the same amount and type of coverage under the policy—namely, none.[8] Therefore, even if Clayton had been participating in the litigation at an earlier date, the result would have been the same. Under these circumstances, on remand, we direct the trial court to deny Clayton's motion for a declaratory judgment.

## *Conclusion*

[23] To be crystal clear, given the confusion that remained following the First Appeal, the results of this appeal are as follows:

- The order granting Smith's motion to dismiss the declaratory judgment action is reversed.
- The order denying Progressive's request for judgment on the Bodily Injury Coverage and Duty to Defend Declarations is reversed.
- The trial court is instructed to enter the following declarations: (1) Smith is not entitled to bodily injury liability coverage under his Progressive insurance policy; and (2) Progressive does not have a duty to defend or indemnify Clayton under Smith's insurance policy.
- The trial court is instructed to deny Clayton's motion for a declaratory judgment.
- The trial court is instructed to enter final judgment in favor of Progressive.

---

[8] Progressive also notes that Clayton assigned all of his legally assignable rights against Progressive to Smith, meaning that he lacks standing to pursue Progressive for any claim other than legal malpractice.

The judgment of the trial court is reversed and remanded with the instructions set forth above.

Bailey, J., and Tavitas, J., concur.